"The plaintiff contends that the debts involved were not due in the same right, and that therefore there could be no set off. The defendant contends that they were, and that the set-off was legal. We agree with this view. All matters of trust with reference to the Prescott estate were at end with reference to the trust estate upon the confirmation of the final account of the executors. The adjustment of the amount coming from one executor to the other had nothing to do with the administration of the trust estate. They had all been finished. It was purely then a question of the settlement of their mutual debts between the co-executors. Wallace at that time owed the bank more than $17,500; the bank owed Wallace $17,500 on account of his share of the commissions allowed.

"Under these circumstances, we are of the opinion that the plaintiff is not entitled to recover."

Finding ourselves in accord with the court, its judgment is affirmed on its opinion.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

The question involved in these cases is whether the court should have held that under the proofs the several defendants were entitled to a verdict of not guilty. No question of principle or practice is involved. The charge of the court was eminently fair, and the verdict of the jury holding defendants guilty on some counts and not guilty on others was warranted by the proofs. On motion for new trial, the judge "carefully reviewed the whole record," with the result that he found no error justifying setting the verdicts and sentences aside.

The case was fully argued before this court and all questions raised have been considered, with the result we have reached the conclusion the proofs were such as to warrant and constrain the submission of the case to the jury. So holding, the judgment below is affirmed.

## DEAKTER v. UNITED STATES (two cases).

### NAWROCKI v. SAME.
### Nos. 6160–6162.

Circuit Court of Appeals, Third Circuit.
March 24, 1937.
Rehearing Denied April 27, 1937.

Raymond D. Evans, of Pittsburgh, Pa., for appellants.

Charles F. Uhl, U. S. Atty., and Stanley Granger, Asst. U. S. Atty., both of Pittsburgh, Pa., for the United States.

## ANDERSON et al. v. ÆTNA LIFE INS. CO. OF HARTFORD, CONN.
### No. 4101.

Circuit Court of Appeals, Fourth Circuit.
April 6, 1937.

